UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDUL JINNAH AZEEZ, II, | ) | Civil No. 12-CV-1832 WQH (NLS) |
| Petitioner, | ) | **ORDER DENYING** |
| | ) | **PETITIONER'S MOTION FOR** |
| v. | ) | **STAY AND ABEYANCE** |
| MATTHEW CATE and KAMALA | ) | |
| HARRIS, | ) | (Dkt. No. 6.) |
| | ) | |
| Respondents. | ) | |

Petitioner Edul Jinnah Azeez, II, ("Petitioner") filed a petition for a writ of habeas corpus. (Dkt. No. 1.) In his petition, Petitioner lists seven grounds for relief, but did not allege exhaustion as to claim seven. *Id.* at 15.[1] On July 27, 2012, the undersigned issued a "Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies" ("options Order"). (Dkt. No. 2.) This options Order advised Petitioner of his four options to proceed. *Id.* Petitioner had the option to (1) demonstrate exhaustion of the claim; (2) voluntarily dismiss the petition; (3) formally abandon the unexhausted claim; or (4) file a motion to stay the proceedings, using either the "stay and abeyance" or "withdrawal and abeyance" methods. *Id.* at 2-4. Petitioner had a deadline of September 10, 2012, to exercise an option. *Id.* Respondents then had a deadline of September 24,

---

[1]Citations to page numbers refer to those assigned by the ECF system.

1  2012, to respond to Petitioner.  *Id.*

2       Petitioner did not timely exercise one of the options, and the undersigned

3  accordingly recommended dismissal of the petition.  (Dkt. No. 3.)  Petitioner objected,

4  stating he never received the options Order.  (Dkt. No. 4.)  In light of this objection, the

5  Hon. William Q. Hayes declined to adopt the recommendation and allowed Petitioner

6  forty-five days to exercise one of the options.  (Dkt. No. 5.)  Petitioner timely filed the

7  pending motion to stay the proceedings and hold his petition in abeyance until he fully

8  exhausts the unexhausted claim.  (Dkt. No. 6.)  Respondents oppose.  (Dkt. No. 8.)

9       This Court hereby **DENIES** Petitioner's motion, for the reasons discussed below.

10  The undersigned may resolve Petitioner's motion for stay and abeyance with an Order,

11  rather than a Report and Recommendation.  This is because Petitioner still has options to

12  proceed with his unexhausted claim, and therefore the denial of the motion is not

13  completely dispositive of the matter.  *See Broadnax v. Cate*, Civil No. 12cv560 GPC

14  (RBB), 2012 WL 5335289 at *2-3 (S.D. Cal. Oct. 26, 2012); *Shrimp v. Paramo*, Civil

15  No. 12cv1537 AJB (RBB), 2013 WL 526053 at *2 (S.D. Cal. Feb. 11, 2013).

16  **I.  BACKGROUND**

17       Petitioner's claims stem from a judgment of conviction entered February 19, 2010.

18  (Dkt. No. 1 at 1.)  He pursued a direct appeal, and the California Supreme Court denied

19  his petition for review on April 14, 2012.  *Id.* at 2.  The conviction became final on July

20  13, 2012, which is the date his right to seek relief from the United States Supreme Court

21  expired.  *See Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir. 1999).  The unexhausted claim

22  is Petitioner's assertion that he was denied equal protection because the trial judge

23  sentenced "similarly-situated defendants to highly disparate sentences based on race."

24  (Dkt. No. 1 at 15.)

25       In the motion for a stay and abeyance of his petition, Petitioner asserts that his

26  claim is "arguably meritorious" and that he is currently preparing "either a Petition For

27  Review or a Petition For Writ of Habeas Corpus" for submission to the California

28  Supreme Court.  (Dkt. No. 6 at 4.)  He asserts that his appellate counsel failed to timely

1  exhaust the state court remedies for this claim, for reasons unknown.  *Id.* at 4-5.
2  Petitioner argues that this amounts to good cause for failure to exhaust state court
3  remedies for claim seven.  *Id.* at 5.

4  **II.     STANDARD OF REVIEW**

5         The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs
6  this Petition.  *See Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997).  Habeas petitioners
7  who wish to challenge either their state court conviction or the length of their
8  confinement in state prison, must first exhaust their state judicial remedies.  28 U.S.C.
9  § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987).  Ordinarily, to satisfy the
10 exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest
11 state court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy
12 remains available."  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v.*
13 *Connor*, 404 U.S. 270, 275 (1971) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).
14 AEDPA has two main purposes: (1) to "reduce delays in executing state and federal
15 criminal sentences," and (2) to "streamline federal habeas proceedings by increasing a
16 petitioner's incentive to exhaust all claims in state court."  *Wooten v. Kirkland*, 540 F.3d
17 1019, 1024 (9th Cir. 2008).

18        The Supreme Court has held that when a petitioner files a petition containing both
19 exhausted and unexhausted claims, a district court has the discretion to grant a stay and
20 abeyance of the mixed petition if "the petitioner had good cause for his failure to exhaust,
21 his unexhausted claims are potentially meritorious, and there is no indication that the
22 petitioner engaged in intentionally dilatory litigation tactics."  *Rhines v. Weber*, 544 U.S.
23 269, 278 (2005).  The Supreme Court made clear in *Rhines*, however, that "stay and
24 abeyance should be available only in limited circumstances."  *Id.* at 277.  This is because
25 staying a federal habeas petition "frustrates AEDPA's objective of encouraging finality
26 by allowing a petitioner to delay the resolution of federal proceedings[,]" and
27 "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a
28 petitioner's incentive to exhaust all his claims in state court prior to filing his federal

petition." *Id.*

The Supreme Court did not define the good cause standard in *Rhines*. In the Ninth Circuit good cause is, without further clarification, a standard less stringent than the "extraordinary circumstances" standard for equitable tolling of the statute of limitations. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The Ninth Circuit has also rejected a broad interpretation of "good cause" and has noted *Rhines'* requirement that stays be granted in "limited circumstances." *Wooten*, 540 F.3d at 1024. Courts must "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id.*

Petitioner is not entitled to a stay because he has not demonstrated good cause for his failure to exhaust claim seven. He claims that his appellate counsel did not timely exhaust his state court remedies for this claim, for reasons unknown. (Dkt. No. 6 at 4-5.) In *Wooten*, the petitioner argued that the fact that he was "under the impression" his counsel exhausted his claim was sufficient good cause to warrant a stay. 540 F.3d at 1024. The Ninth Circuit rejected Petitioner's explanation on the grounds that accepting this reasoning as "good cause" would make stay and abeyance "routine." *Id.* The Court went on to note:

> Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay. Such a scheme would run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'

*Id.* Similar to the petitioner in *Wooten*, Petitioner states that his counsel failed to exhaust his state court remedies for claim seven. If a stay was granted based on a finding that this was good cause for failure to exhaust, any habeas petitioner represented by counsel could argue for a stay on any claim not raised by counsel. Such an outcome would certainly make stay and abeyance "routine," a result rejected by *Wooten*. *See Gray v. Ryan,* Civil No. 09cv0709 BEN (CAB), 2010 WL 4976953 at *4 (S.D. Cal. Oct. 27, 2010) *adopted by* 2010 WL 4974093 (S.D. Cal. Dec. 2, 2010); *see also Hernandez v. California*, No. C 08-4085 SI (pr), 2010 WL 1854416 at *2 (N.D. Cal. May 6, 2010) (noting that a prisoner

whose appellate counsel did not raise a claim is a common occurrence of virtually everyone with unexhausted claims).  It is evident that Petitioner knew about the difference in sentences by the time he filed his opening appellate brief in the California Court of Appeal.  (Dkt. No. 1 at 120-21.)  He therefore had ample time to raise the issue in the state courts himself.

Petitioner has failed to demonstrate good cause for failure to exhaust claim seven in state court.  Therefore, this Court need not address whether the claim is meritorious or whether Petitioner engaged in any intentionally dilatory litigation tactics.[2]

Based on the foregoing, this Court concludes that the stay and abeyance procedure is not appropriate, and hereby **DENIES** Petitioner's motion.

## III.   PETITIONER'S OPTIONS

The petition contains both exhausted and unexhausted claims, and as a result, it is subject to dismissal.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  To avoid the Court dismissing the petition on its own accord, Petitioner may choose one of the following options:

### A.   First Option: File a Motion to Use the Withdrawal and Abeyance Procedure

Another method of staying a timely federal petition while a petitioner returns to state court to exhaust unexhausted claims is the "withdrawal and abeyance" procedure. *King v. Ryan*, 564 F.3d 1133, 1139-40 (9th Cir. 2009).  Unlike the "stay and abeyance" procedure, a petitioner seeking to use the "withdrawal and abeyance" procedure need not show good cause for his failure to exhaust.  *Id.* at 1140.  Under the "withdrawal and abeyance" procedure, a petitioner may withdraw the unexhausted claims from his federal petition, return to state court and exhaust those claims while the federal court holds the fully exhausted claims in abeyance, then seek to amend the timely, stayed federal petition with the newly exhausted claims.  *Id.*  The newly exhausted claims, however, must either

---

[2]Respondents request that this Court proceed on the merits and deny claim seven. (Dkt. No. 8 at 7-9.)  There is currently insufficient evidence in the record to make this determination, and therefore the request is denied.

themselves be timely under the statute of limitations or they must "relate back" to the claims in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. *Id.* at 1141, quoting *Mayle v. Felix*, 545 U.S. 644. 659, 662-64 (2005). ***Petitioner is advised that it appears from the documents filed so far in this case that AEDPA's one-year statute of limitations expires July 13, 2013.***

If Petitioner chooses this option, he must file a pleading with this Court no later than **May 13, 2013.** Respondent may file a response by **May 27, 2013**.

## B.    Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose*, 455 U.S. at 510 (stating that when a mixed petition is dismissed, a petitioner may "return[] to state court to exhaust his claims"). ***Petitioner is cautioned, however, that any new federal petition must be filed before expiration of the one-year statute of limitations.*** 28 U.S.C. § 2244(d).[3] The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for

---

[3]28 U.S.C. § 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

If Petitioner chooses this option, he must file a dismissal motion with this Court no later than **May 13, 2013.** Respondent may file a response by **May 27, 2013**.

### C.    Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520 (stating that a petitioner who files a mixed petition may resubmit the habeas petition to present only exhausted claims). If Petitioner chooses this option, he must file a pleading with this Court no later than **May 13, 2013.**

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 486-87 (2000); *see also* 28 U.S.C. § 2244 (a)-(b).[4]

///

///

///

---

[4]28 U.S.C. § 2244(b)(2) provides that a new claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**IV.    CONCLUSION**

For the foregoing reasons, Petitioner's motion for this Court to stay these proceedings and hold his petition in abeyance is **DENIED.**

**IT IS SO ORDERED**.


DATED:  April 15, 2013

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

12-CV-1832 WQH (NLS)