



# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUL JINNAH AZEEZ, II, | CASE NO. 12cv1832-WQH-WMc |
| Petitioner, | |
| v. | **ORDER** |
| MATTHEW CATE and KAMALA HARRIS, | |
| Respondents. | |

HAYES, Judge:

The matter before the Court is the Report and Recommendation issued by Magistrate Judge Nita L. Stormes ( ECF No. 19), and the Petition for Writ of Habeas Corpus filed by Petitioner Edul Jinnah Azeez, II. (ECF No. 1).

**I.    Background**

On July 25, 2012, Petitioner, a prisoner proceeding *pro se*, filed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2254 challenging the sentence imposed by the San Diego County Superior Court in case number SCD220467. (ECF No. 1). Petitioner raises seven claims. In claims one through six, Petitioner lists aggravating factors relied on by the sentencing court in imposing the upper-term sentence that Petitioner alleges were improper. In claim seven, Petitioner alleges that he was denied his Fourteenth Amendment right to Equal Protection when the

1    sentencing judge "sentenc[ed] similarly-situated defendants to highly disparate
2    sentences based on race." *Id.* at 15.

3           On July 11, 2013, Respondent filed an Answer to the Petition. (ECF No. 16).
4           On August 5, 2013, Petitioner filed a Traverse. (ECF No. 18).

5           On August 16, 2013, the Magistrate Judge issued the Report and
6    Recommendation.   (ECF No. 19).   The Magistrate Judge reviewed each of the
7    Petitioner's claims and recommended that this Court deny the Petition for Writ of
8    Habeas Corpus.

9           On September 10, 2013, Petitioner filed objections to the Report and
10   Recommendation. (ECF No. 20).  Petitioner contends that he is entitled to Habeas
11   Corpus relief because he "has proven that the State Court decision(s) was not only
12   'contrary to or involved an unreasonable application of clearly established federal law';
13   but more importantly, it was 'based on an unreasonable determination of the facts in
14   light of the evidence presented.'" *Id.* at 3.  Petitioner contends that the sentencing
15   judge relied on improper aggravating circumstances that were not legally justified. *Id.*
16   at 3.    Petitioner contends that his "'Equal Protection' under our 'Fourteenth
17   Amendment' was clearly violated in the adjudication of this matter, and such is
18   conspicuously evident in the record, as was more than set forth in the Petition." *Id.*

19   **II.    Standard of Review**

20          The duties of the district court in connection with a magistrate judge's report and
21   recommendations are set forth in Rule 72 of the Federal Rules of Civil Procedure and
22   28 U.S.C. section 636(b)(1). The district court must "make a *de novo* determination
23   of those portions of the report ... to which objection is made," and "may accept, reject,
24   or modify, in whole or in part, the findings or recommendations made by the
25   magistrate." 28 U.S.C. §636(b)(1); *see also U.S. v. Remsing*, 874 F.2d 614, 617 (9th
26   Cir. 1989).

27   **III.   Discussion**

28          The Court has reviewed the Lodgments, the Petition, the Report and

12cv1832-WQH-WMc

1   Recommendation, and the objections in their entirety.

2       In his objections, Petitioner contends that improper aggravating circumstances
3   were relied on in sentencing that were not legally justified. (ECF No. 20). "[U]nder
4   California law, only one aggravating factor is necessary to set the upper term as the
5   maximum sentence." *Butler v. Curry*, 528 F.3d 624, 643 (9th Cir. 2008).  Once the
6   upper term is set as the maximum sentence, the imposition of the lower, middle, or
7   upper-term sentence "is [] discretionary and does not depend on the finding of any
8   aggravating factors." *Id.* at 652 n.20.  This principle is not contrary to or an
9   unreasonable application of federal law. *See Butler*, 528 F.3d at 642-43; *Kessee v.*
10  *Mendoza-Powers*, 574 F.3d 675, 676 n.1 (9th Cir. 2009).  Because at least one of the
11  aggravating factors relied on by the sentencing judge was established in a manner
12  consistent with the Sixth Amendment, Petitioner's sentence does not violate the
13  Constitution. *See Butler*, 528 F.3d at 643. Petitioner's objection relating to claims one
14  through six is overruled.

15      In his objections, Petitioner contends that his Fourteenth Amendment right to
16  Equal Protection was "clearly violated in the adjudication of this matter, as was set
17  forth in the Petition." (ECF No. 20 at 3).  Petitioner alleges that the sentencing judge
18  made an "insensitive and inappropriate" remark, which indicated that Petitioner was
19  sentenced more harshly based on his race and serves as the basis of his equal protection
20  claim. (ECF No. 1 at 15).  After review of the record, there is no evidence that the
21  judge imposed a harsher sentence due to race.  The record reflects that the judge took
22  into account the circumstances of each individual defendant and relied upon legitimate
23  legal and factual bases for Petitioner's sentence.  Accordingly, the state court's finding
24  that the comment made by the sentencing judge did not substantiate Petitioner's claim
25  of racial bias and discrimination was not an unreasonable determination of the law or
26  the facts.  Even under an independent review of the record, the judge's comment does
27  not evidence any racial bias, particularly when there are legitimate legal and factual
28  bases for Petitioner's sentence.  Petitioner's objection relating to claim seven is

1   overruled.

2        The Court concludes that Petitioner has failed to demonstrate that any of the

3   California courts' decisions denying his claims "[were] based on an unreasonable

4   determination of the facts in light of the evidence presented in the State court

5   proceeding," or "[were] contrary to, or involved an unreasonable application of, clearly

6   established Federal law." 28 U.S.C. § 2254(d). Accordingly, the Petition is denied.

7   **IV.    Request for Evidentiary Hearing**

8        Petitioner argues that an evidentiary hearing is required to address the issues in

9   his petition. (ECF No. 18 at 3). "An evidentiary hearing is *not* required on issues that

10  can be resolved by reference to the state court record." *Totten v. Merkle*, 137 F.3d

11  1172, 1176 (9th Cir. 1998) (emphasis in original); *see also Cullen v. Pinholster*, 131

12  S.Ct. 1388, 1398 (2011). The Court is able to resolve Petitioner's sentencing error

13  claims by reference to the state court record, and therefore Petitioner's request for an

14  evidentiary hearing is denied.

15  **V.    Certificate of Appealability**

16       Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he

17  district court must issue or deny a certificate of appealability when it enters a final

18  order adverse to the applicant." A certificate of appealability should be issued only

19  where the petition presents "a substantial showing of the denial of a constitutional

20  right." 28 U.S.C. § 2253(c)(2). "[A] [certificate of appealability] should issue when the

21  prisoner shows ... that jurists of reason would find it debatable whether the petition

22  states a valid claim of the denial of a constitutional right and that jurists of reason

23  would find it debatable whether the district court was correct in its procedural ruling."

24  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

25       The Court finds that jurists of reason could find it debatable whether the Petition

26  states a valid claim of the denial of a constitutional right with respect to Petitioner's

27  claim seven for denial of Equal Protection. Accordingly, the Court grants a Certificate

28  of Appealability on claim seven of the Petition.

12cv1832-WQH-WMc

1

## VI.   Conclusion

2          IT IS HEREBY ORDERED that (1) the Report and Recommendation (ECF No.

3  19) is ADOPTED in its entirety; and (2) the Petition for Writ of Habeas Corpus (ECF

4  No. 1) is DENIED.  A certificate of appealability is granted as to claim seven of the

5  Petition.  The Clerk of the Court shall enter judgment in favor of Respondents.

6  Dated:  _11/5/13_

7                                              HON. WILLIAM Q. HAYES
                                               United States District Court Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12cv1832-WQH-WMc